**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DORMITUS BRANDS, LLC, an Illinois limited liability company,** | ) ) ) | |
| **Plaintiff,** | ) ) | No. 14 C 7394 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **AT&T MOBILITY LLC, a Delaware limited liability company,** | ) ) ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants for a declaration of "trademark abandonment, invalidity, non-infringement, no unfair competition and no dilution" and "trademark unenforceability." (Compl. at 15-18.) Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction, or in the alternative, failure to state claim. For the reasons set forth below, the Court grants the motion.

**Facts**

In 2007, defendant changed its name from Cingular to AT&T Mobility and stopped using Cingular to identify its wireless services and devices. (Compl. ¶¶ 22-32, 40.) Defendant last used Cingular to identify its products or services in commerce in the United States in mid-2007. (*Id.* ¶ 41.) Between December 12, 2009 and May 16, 2014, the United States Patent and Trademark Office ("PTO") canceled thirteen Cingular trademarks without opposition from defendant. (*Id.* ¶¶ 45-49.)

On January 30, 2014, plaintiff's principal filed two intent-to-use applications for two of the canceled marks, application 86/223,138 for the ✕ cingular mark and application 86/179,822 for the "CINGULAR" word mark. (*Id.* ¶¶ 50.) The applications state that plaintiff intends to use the marks for cellular, digital, mobile and satellite telephones and a host of related products and services, including phone cases, phones covers, carrying cases, battery chargers, speakers, ring tones, headsets, switchers, routers, repeaters, and data links. *See* Trademark Application Nos. 86/223,138 & 86/179,822, *available at* http:/www.uspto.gov/trademarks/index.jsp (follow "search for trademarks" hyperlink; then search "Cingular"; then follow application no. hyperlinks) (last visited Dec. 16, 2014). On August 29, 2014, defendant filed oppositions to the applications with the PTO. (Compl. ¶ 56.)

On September 23, 2014, plaintiff filed this suit seeking an order that the PTO terminate defendant's opposition and declarations that: (1) plaintiff has the right to sell products and services in connection with the contested marks; (2) the contested marks do not infringe or dilute any of defendant's trademarks; and (3) plaintiff's anticipated sale of products and services using the contested marks does not create a likelihood of consumer confusion with any of defendant's trademarks. (*See id.*, Prayer for Relief.)

On October 30, 2014, at plaintiff's request and over defendant's objection, the PTO suspended the opposition proceedings pending resolution of this case. *See* Order Granting Mot. Suspend Proceedings, *AT&T Mobility v. Mark Thomann*, Opp'n No. 91218108, Serial Nos. 86179822, 86223138 (USPTO Oct. 30, 2014), *available at* http://ttabvue.uspto.gov/ttabvue/v?pno=91218108&pty=OPP&eno=9 (last visited Dec. 16, 2014).

**Discussion**

Defendant contends that the Court lacks jurisdiction over this declaratory judgment action because there is no actual case or controversy between the parties. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that "the phrase 'case of actual controversy' in the [Declaratory Judgment ]Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III") (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). An actual controversy exists if given the facts alleged "'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Defendant says that there is no such controversy here because plaintiff has not used the contested marks in commerce and defendant has not threatened plaintiff with legal action.

To refute the first assertion, plaintiff offers the affidavit of Joseph Gioconda, who attests that, as of October 30, 2014, plaintiff was using the contested marks in commerce. (*See* Mem. Law Opp'n Def.'s Mot. Dismiss, Gioconda Aff.; *id.*, Ex. A, Letter from Gioconda to Becker (Oct. 30, 2014); *id.*, Ex. 1, Screen Shots from Zazzle.com & CafePress.com).) However, Gioconda does not attest that plaintiff was using the contested marks or had made substantial preparations to do so when this suit was filed on September 23, 2014, the date on which a justiciable controversy had to exist. *See Super Prods. Corp. v. DP Way Corp.*, 546 F.2d 748, 752 (7th Cir. 1976) (stating, in the context of a patent declaratory judgment action, that "the requisite controversy must have existed at the time the complaint was filed"); *see also Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1383 (Fed. Cir. 2010) ("[W]e agree with the district court that . . . acts after the filing of ITI's original complaint did not establish that an actual controversy existed at that earlier time.").

3

Moreover, this evidentiary void, which is wholly consistent with plaintiff's allegation that it "inten[ds] to use" but "cannot proceed with using" the contested marks (*see* Compl. ¶¶ 51, 66), requires no discovery to fill, as any proof of plaintiff's pre-filing use is entirely within its knowledge or control.

Even if plaintiff had evidence of pre-suit use, that use alone would not create a justiciable dispute. Rather, plaintiff would have to show that its use "'makes reasonable . . . [its] apprehension that it will face an infringement suit or the threat of one if it . . . continues the activity.'" *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979) (quoting *Super Prods. Corp.*, 546 F.2d at 753)). "[A]n express charge" of infringement is not necessary, but there must be "an implied charge, or a course of conduct on [defendant's] part" that would make a reasonable person fear that he or his customers are likely to be sued for infringement. *Id.* at 784.

Plaintiff says defendant's opposition conveys such a threat because it states that: (1) plaintiff is "deliberate[ly] attempt[ing] to misrepresent the source of his goods" and "to pass [them] off as those of [defendant]"; and (2) defendant "will be irreparably injured" if plaintiff is allowed "to use and register" the marks because consumers will wrongly believe that defendant is connected to or is the source of plaintiff's products. (*See* Notice Opp'n ¶¶ 13, 18, 20-21, *AT&T Mobility v. Mark Thomann*, Serial Nos. 86/179,822, 86/223,138 (USPTO), *available at* http:/www.uspto.gov/trademarks/index.jsp (search for trademarks; then search "Cingular"; then follow application no. 86/179,822 hyperlink; then follow TSDR hyperlink; then follow "documents" hyperlink) (last visited Dec. 16, 2014). Plaintiff contends that, taken together, the inflammatory language of the first assertion and the legalistic nature of the second constitute an indirect threat of an infringement suit.

The Court disagrees. The legal basis for an opposition is that the filer believes "he would be damaged by the registration of a mark" because it "would be likely to cause dilution by blurring[,] . . . dilution by tarnishment," or there is "any [other] statutory basis . . . which negates the applicant's right to registration." 15 U.S.C. § 1063; 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 20.13 (4th ed. 2014). Thus, defendant was required to say in its opposition that plaintiff seeks to misrepresent the source of its goods, and defendant will be damaged if, by obtaining registration of the marks, plaintiff is permitted to do so. Defendant's addition of the words "deliberate[ly]" and "irreparable" does not transform its statement of the basis for its opposition into a threat of legal action. *See Merrick v. Sharp & Dohme*, 185 F.2d 713, 716 (7th Cir. 1950) (holding that an opposition "is not a claim of infringement, or an assertion that infringement is threatened or has actually occurred"); *see also James Burrough Ltd. v. Sign of Beefeater, Inc.*, 572 F.2d 574, 579 n.5 (7th Cir. 1978) (per curiam) (citing *Merrick* and stating that an opposition is just a trademark owner's request that a proposed mark not be registered because it would engender consumer confusion). Thus, defendant's opposition cannot be interpreted as a threat of legal action.

Because the opposition is the only evidence of a dispute that plaintiff offers, it has not shouldered its burden of proving that there was a justiciable case or controversy on the day it filed this suit. *See Super Prods. Corp.*, 546 F.2d at752. Accordingly, the Court grants defendant's motion to dismiss.

**Conclusion**

For the reasons set forth above, the Court grants defendant's motion to dismiss [18] and dismisses this suit without prejudice for lack of subject matter jurisdiction. This case is terminated.

**SO ORDERED.**                                    **ENTERED:   December 18, 2014**

_____
**HON. RONALD A. GUZMAN
United States District Judge**